IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| JAVIER GARCIA | § | CASE NO: 06-70090 |
| Debtor(s) | § | |
| | § | CHAPTER 13 |

## MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTION TO CLAIM

On this day came on for consideration the Objection to Claim filed by the debtor, Javier Garcia (the "Debtor"). The Court, having heard the evidence and arguments of counsel, and having reviewed the pleadings and briefs on file herein, finds that the Objection should be sustained.

## BACKGROUND

Debtor and his wife entered into a Loan Agreement and Home Equity Security Agreement with Associates Financial Services Company of Texas, Inc. ("Associates") on June 29, 1998 ("Note"). The Note was in the principal amount of $23,218.90, to be paid in monthly installments of $388.06 for ten years. The Note provided for interest at the rate of 17.52% a.p.r. The last payment on the Note is due on July 15, 2008. CitiFinancial Mortgage Company, Inc. ("Citi") is the successor to Associates and is now the secured creditor.

The Debtor defaulted on the Note and on March 7, 2006, filed his chapter 13 bankruptcy petition. The property securing the Note is listed as the Debtor's homestead on his bankruptcy schedules and is valued at $50,000. The balance owed to Citi on the petition date was $37,851.50. Debtor's chapter 13 plan proposed to pay Citi the full amount owed at the time of filing, including all fees and arrearages, over five years with interest at the rate of 9.5%, the "rule rate" on the date the bankruptcy was filed. Citi disputes Debtor's ability to pay a different interest rate other than the contract rate provided in the Note. Debtor subsequently confirmed a

"Y" plan on March 22, 2007, reserving the issue of the interest rate to be paid to Citi under the plan of reorganization.

## DISCUSSION

The Court has jurisdiction over this matter pursuant to 28 U.S.C.§§1334 and 157. The allowance or disallowance of claims against a bankruptcy estate is a core matter. 28 U.S.C. §157(b)(2)(B).

The Bankruptcy Code prohibits chapter 13 debtors from modifying the rights of secured creditors with a lien on a debtor's principal residence. 11 U.S.C. §1322(b)(2). However, the Code also provides an exception to the rule. If a debt secured by a debtor's principal residence matures prior to the date of a debtor's last payment under the chapter 13 plan, the debtor may "provide for the payment of the claim as modified pursuant to section 1325(a)(5)" of the bankruptcy code. 11 U.S.C. §1322(c)(2). In the case at bar, the Debtor relies on section 1322(c)(2) to support his payment of the rule rate of interest rather than the higher contract rate. Citi argues that the Debtor cannot modify its claim because it is fully secured.

The Court finds that the plain meaning of the statute places this case squarely within the exception of section 1322(c)(2). The Eleventh Circuit Court of Appeals and the Fourth Circuit Court of Appeals are split on the issue of the application of section 1322(c)(2) when an under-secured loan matures during the plan term. *See, In re Paschen*, 296 F.3d 1203 (11th Cir. 2002); *cert. denied* 537 U.S. 1097(2002); *In re Witt*, 113 F.3d 508 (4th Cir. 1997).This Court agrees with the comments of one treatise which finds that the *Paschen* case is better reasoned. 8 COLLIER ON BANKRUPTCY, ¶ 1322.16 (15th Ed.). As noted in Collier's:

> Because the plan may not extend beyond five years, this section will encompass short-term mortgages, long-term mortgages on which the debtor has nearly completed payments, and mortgages with balloon payments. Congress obviously believed that debtors with such mortgages needed

additional protection. <u>Short-term and balloon payment mortgages often have high rates or terms that are particularly unfavorable,</u> which Congress has deemed deserving of close scrutiny.

- - 8 COLLIER ON BANKRUPTCY, ¶ 1322.16 (15th Ed.)(emphasis added).

Nothing in the statute or the cases suggests that the exception applies only to under-secured creditors. The Court finds that the exception of 11 U.S.C. §1322(c)(2) applies in this case. The Debtor should therefore be allowed to revise Citi's claim to provide for a lower rate of interest.

It is therefore ORDERED that the Objection to Claim is hereby SUSTAINED.

SIGNED 05/25/2007.

**RICHARD S SCHMIDT**
United States Bankruptcy Judge